RECEIVED
SEP X 2 2011
9-2-11
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Takia Tucker )
)
(Name of the plaintiff or plaintiffs) )
)
v. )
)
Walgreens Co. )
)
)
(Name of the defendant or defendants) )

CIVIL ACTION

11cv6143
JUDGE SHADUR
MAG. JUDGE KIM

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is a resident of 4347 W Adams street in the City of Chicago of the county of Cook in the state of Illinois.

3. The defendant is a corporation, incorporated under the laws of Illinois whose street address is 102 Wilmont Road, (city) Deerfield (county) _____ (state) Illinois (ZIP) 60015
(Defendant's telephone number) (847) - 315-8025

4. The plaintiff sought employment or was employed by the defendant at (street address) 300 South State Street (city) Chicago (county) Cook (state) Illinois (ZIP code) 60624

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) **April**, (day) **21**, (year) **2010**.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) **Dec** (day) **13** (year) **2010**.

   (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ **NO, but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____ .

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b)☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) June (day) 8th (year) 2011 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a)☐ Age (Age Discrimination Employment Act).

(b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

4

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    See attached

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. [X] YES  [ ] NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) [ ] Direct the defendant to hire the plaintiff.

    (b) [X] Direct the defendant to re-employ the plaintiff.

    (c) [ ] Direct the defendant to promote the plaintiff.

    (d) [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) [X] Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) [X] Direct the defendant to (specify): pay damages

5

# **FACTS SUPPORTING PLAINTIFF'S CLAIM**

13.     Plaintiff was employed at a Walgreens franchise store located at 300 S. State, Chicago, IL from March 22, 2006 until April 21, 2010 as an assistant manager.

On March 28, 2010 a sale became effective on cases (12 cans per case) of coke soda pop. According to the sale, purchases could be made for 5 cases of coke for $13.50. The purchase of this item was only good with a sales coupon. Plaintiff is unaware as to when the information on the sale was placed in the computer.

Information and pricing of sales on items sold at Walgreens can be and is only entered, changed or deleted in the Walgreens network system at corporate level. No franchise store can alter this information.

On the first day of the sale, customers made purchases with coupons. It was then that Plaintiff became aware of the change in the purchase price of the coke sale. When totaling the price of the sale for the coke, the register was charging $0.43 per case. Plaintiff told the executive assistant manager and she said "ok, there is nothing I can do about it" Then Plaintiff called the store manager and informed her of the purchased price change and all she said was "ok". Plaintiff was never told she or employees could not purchase that item with the coupon by the store manager or the executive assistant manager. At the end of my shift, Plaintiff purchased 2 cases of coke soda pop with the advertised coupons. A Walgreens cashier conducted the sale.

The following day, Monday March 29th, upon Plaintiffs arrival at Walgreens for work at 3pm, I observed the store manager while she was ringing a customer for the same sale items and I approached her and told her that the sale of the coke was ringing up incorrectly and asked if she had heard anything and she said "No".

A week after the sale, Plaintiff was involved in a car accident and was on medical leave from Walgreens from April 10th through April 18th, 2010. Plaintiff returned to work on April 19th and was placed on light duty. Plaintiff worked a full day and was off on the April 20th, and upon returning to work on April 21st, Plaintiff was terminated from her employment at Walgreens for alleged gross misconduct/ insubordination from the purchase of the coke soda pop and escorted from the premises. Walgreens has no due process procedure which allows its employees to file grievances or file complaints.

5

No formal charges were filed against Plaintiff, nor was I ever told exactly why I was terminated until May 14, 2010 when I received a response from the Department of Employment Security (DES) from my application for unemployment insurance benefits which stated:

> **"claimant was discharged from Walgreen Company because Of purported theft, involving manipulation of coupons discount"**

This affirmation was conveyed to the DES by Walgreens.

Plaintiff filed a complaint before the U.S. Equal Employment Opportunity Commission for discrimination (**see exhibit "A-B"**)

Other employees that made the same type of purchase during the sale period was not terminated from their Walgreens employment.

Walgreens actions discriminated against plaintiff by terminating Plaintiff for actions that consistent with store policy and procedures while allowing other employees who made such purchases to keep their jobs. Plaintiff was singled out and retaliated against for some unknown reason.

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
*Takia Tucker*

(Plaintiff's name)
Takia Tucker

(Plaintiff's street address)
4347 W Adams

(City) Chicago (State) IL (ZIP) 60624
(Plaintiff's telephone number) (773) - 209-0513

Date: 8-26-11

6

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | AMENDED 846-2011-03508 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Takia L. Tucker | (773) 209-0513 | 06-21-1983 |

Street Address: 4347 West Adams Street, Chicago, IL 60624

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WALGREENS - 01031 | 500 or More | (312) 461-9572 |

Street Address: 300 S. State Street, Chicago, IL 60604

RECEIVED EEOC
MAR 0 1 2011
CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 04-21-2010
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about March 21, 2006. My most recent position was Assistant Manager. During my employment, I informed Respondent of my disability and requested a reasonable accommodation, which was not provided. During my employment, I was disciplined for fulfilling a customers' request. I was discharged on April 21, 2010.

I believe that I have been discriminated against because of my disability and retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended. I also believe that I have been discriminated against because of my sex, female and retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 2-22-11
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Takia L. Tucker
4347 West Adams Street
Chicago, IL 60624

**From:** Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

**CERTIFIED MAIL 7010 3090 0001 5505 7485 CP**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2011-03508 | William Hubbartt, Investigator | (312) 869-8091 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John P. Rowe_
John P. Rowe,
District Director

May 26, 2011
(Date Mailed)

Enclosures(s)

cc:    **WALGREENS COMPANY**

MA

11/06/08

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

**FILED
SEP X 2 2011
9-2-11
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

*IN FORMA PAUPERIS* APPLICATION
AND

Takia Tucker ,
     Plaintiff
       v.
Walgreens ,
     Defendant(s)

**11cv6143
JUDGE SHADUR
MAG. JUDGE KIM**

*Instructions:* Please answer every question. Do not leave any blanks. If the answer is "none" or "not applicable (N/A)," write that response. Wherever a box is included, place an X in whichever box applies. If you need more space to answer a question or to explain your answer, attach an additional page that refers to each such question by number and provide the additional information. Please print or type your answers.

*Application:* I, Takia Tucker , declare that I am the ☒ plaintiff ☐ petitioner ☐ movant (other_____) in the above-entitled case. This affidavit constitutes my application ☐ to proceed without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☐ both. I declare that I am unable to pay the costs of these proceedings, and I believe that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of my application, I answer the following questions under penalty of perjury.

1. Are you currently incarcerated?      ☐ Yes  ☒ No
   (If "No," go to Question 2)
   I.D. #: N/A       Name of prison or jail: N/A
   Do you receive any payment from the institution?   ☐ Yes  ☒ No
   Monthly amount: N/A

2. Are you currently employed?      ☐ Yes  ☒ No
   a. If the answer is "yes," state your:
      Monthly salary or wages: N/A
      Name and address of employer: N/A

   b. If the answer is "no," state your:
      Beginning and ending dates of last employment: 03-22-06 -- 04-21-2010
      Last monthly salary or wages: 11.56 hour
      Name and address of last employer: Walgreens
      300 S State St

3. Are you married?      ☐ Yes  ☒ No
   If the answer is "yes," is your spouse currently employed?   ☐ Yes  ☒ No
   Spouse's *monthly* salary or wages: N/A
   Name and address of spouse's employer: N/A

4. In addition to your income stated above in response to Question 2 (which you should not repeat here), *have you or anyone else living at the same residence* received more than $200 in the past twelve months from any of the following sources? Mark an X next to "Yes" or "No" in each of the categories a. through g, check all boxes that apply in each category, and fill in the twelve-month total in each category.

   a. ☐ Salary or ☐ wages        ☐ Yes  ☒ No
      Amount: _____ Received by: _____

   b. ☐ Business, ☐ profession or ☐ other self-employment   ☐ Yes  ☒ No
      Amount: _____ Received by: _____

   c. ☐ Rental income, ☐ interest or ☐ dividends     ☐ Yes  ☒ No
      Amount: _____ Received by: _____

   d. ☐ Pensions, ☐ social security, ☐ annuities, ☐ life insurance, ☐ disability, ☐ workers' compensation, ☐ alimony or maintenance or ☐ child support   ☐ Yes  ☒ No
      Amount: _____ Received by: _____

    e.  ☐ Gifts or ☐ inheritances                                          ☐ Yes           ☒ No
Amount: _____ Received by: _____

    f.  ☒ Unemployment, ☐ welfare or ☐ any other public assistance ☐ Yes    ☐ No
Amount: 830.00 Received by: _____

    g.  ☐ Any other sources (describe source: _____ )  ☐ Yes    ☒ No
Amount: _____ Received by: _____

5. Do *you or anyone else living at the same residence* have more than $200 in cash or checking or savings accounts? ☐ Yes ☒ No
Total amount: _____
In whose name held: _____ Relationship to you: _____

6. Do *you or anyone else living at the same residence* own any stocks, bonds, securities or other financial instruments? ☐ Yes ☒ No
Property: _____ Current value: _____
In whose name held: _____ Relationship to you: _____

7. Do *you or anyone else living at the same residence* own any real estate (with or without a mortgage)? Real estate includes, among other things, a house, apartment, condominium, cooperative, two-flat, etc. ☐ Yes ☒ No
Type of property and address: _____
Current value: _____ Equity: _____ (Equity is the difference between what the property is worth and the amount you owe on it.)
In whose name held: _____ Relationship to you: _____
Amount of monthly mortgage or loan payments: _____
Name of person making payments: _____

8. Do *you or anyone else living at the same residence* own any automobiles with a current market value of more than $1000? ☒ Yes ☐ No
Year, make and model: 2009
Current value: N/A Equity: 10882.24 (Equity is the difference between what the automobile is worth and the amount you owe on it.)
Amount of monthly loan payments: 294.81
In whose name held: Takia Tucker Relationship to you: Self
Name of person making payments: Takia Tucker

9. Do *you or anyone else living at the same residence* own any boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000? ☐ Yes ☒ No
Property: _____
Current value: _____ Equity: _____ (Equity is the difference between what the property is worth and the amount you owe on it.)
Amount of monthly loan payments: _____
In whose name held: _____ Relationship to you: _____
Name of person making payments: _____

10. List the persons *who live with you* who are dependent on you for support. State your relationship to each person and state whether you are entirely responsible for the person's support or the specific monthly amount you contribute to his or her support. If none, check here: ☐ None.
Madison Tucker

11. List the persons *who do not live with you* who are dependent on you for support. State your relationship to each person and state how much you contribute monthly to his or her support. If none, check here: ☒ None.

I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date: 9-1-11

_____
Signature of Applicant

Takia Tucker
(Print Name)